UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14092-CIV-CANNON/MAYNARD

JACEK KAZMIERCZAK,

    Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION, *et al.*,

    Defendants.
_____/

**ORDER ON PLAINTFF'S MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER (DE 12) AND RECOMMENDATION TO DISMISS CASE**

**THIS CAUSE** is before the undersigned upon an Order of Referral to Magistrate Judge (DE 15) and Plaintiff's Motion for Appointment of Process Server (DE 12). For the reasons stated below, the undersigned respectfully recommends this case be dismissed.

**DISCUSSION**

A district court has "the power to control and direct the cases on its docket," including "the inherent power to dismiss a case." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B May 1981).[1] The United States Courts of Appeals for the Eleventh Circuit ("Eleventh Circuit") has prohibited the *sua sponte* dismissal of a case where "1) the defendant had not filed an answer and the plaintiff still had a right to amend his complaint pursuant to [Rule 15(a)]; 2) the plaintiff brought his claim in good faith; and 3) the district court failed to provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). There is an exception to the general rule against dismissals

---

[1] Decisions rendered by a Unit B panel of the former Fifth Circuit are circuit precedent in the Eleventh Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982).

without notice when the complaint is patently frivolous or if amendment would be futile. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). A complaint is "frivolous" where "it lacks an arguable basis either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Baseless factual contentions include those that are "fanciful," "fantastic," "delusional," or that "rise to the level of irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Although *pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed, liberal construction does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).

Plaintiff's Second[2] Amended Complaint ("SAC") purports to assert claims against more than ninety named Defendants for a multitude of unrelated grievances. *See* DE 11. Some of the ninety named Defendants include: the Federal Bureau of Investigations, the State of Florida, former President Donald Trump, the Federal Communications Commission, the Florida Bar, Indian River County Mosquito Control, the New York Times, "Jim and Jill from Rochester NY (last names unknown)", NBC, CNN, Fox News, "commercial advertisers," the Church of Scientology, Goldman Sachs, "Frank at UF," "Verizon," Google, YouTube, Home Depot, and

---

[2] Federal Rule of Civil Procedure 15 permits a party to amend a pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1)(A)-(B). All other amendments must be made with the opposing party's consent or leave of the Court. *Id.* In this case, Plaintiff filed an Amended Complaint as a matter of course on March 1, 2021. DE 5. A week later, Plaintiff filed his Second Amended Complaint without leave of the Court and with no indication this amendment was filed with the consent of Defendants. DE 11. Plaintiff's Second Amended Complaint could be stricken for this failure to comply with the federal rules. *See, e.g., Rivas v. Small,* No. 17-80750-CIV, 2017 WL 6551159, at *1 (S.D. Fla. Nov. 3, 2017) (granting motion to strike amended pleadings that were filed by pro se plaintiff without leave of the Court or the defendants' consent). However, Rule 15 also directs that "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Upon review of Plaintiff's Amended Complaint, the undersigned notes that the pleading contains no factual allegations and no request for relief. *See* DE 5. Rather, the Amended Complaint consists of a single-page document repeated eighty-nine times, which states only the case caption and four short bases of the Court's jurisdiction. *Id.* Plaintiff's Second Amended Complaint, in contrast, includes factual allegations and requests for relief. *See* DE 11. Accordingly, the undersigned proceeds to consider Plaintiff's Second Amended Complaint.

CVS Pharmacy. *Id.* The SAC identifies the Defendants in groups and then states factual allegations or legal conclusions as well as a request for relief relevant to each group. *Id.* Plaintiff's allegations broadly concern a variety of unrelated circumstances including the spraying of pesticides; the terrorist attacks on the World Trade Center on September 11, 2001; an organized crime syndicate comprised of doctors and government actors perpetrating "medical terrorism" against Plaintiff and others; the hacking of Plaintiff's electronic devices; and the collective stalking or harassment of Plaintiff by a number of the Defendants. *Id.* He requests the court "prosecute" the identified defendants for an array of offenses, including sedition, obstruction of justice, harassment, "participat[ion] in an organized criminal syndicate," censorship, and attempted murder, among many others. *Id.* He also requests monetary relief totaling more than $3.8 trillion. *Id.*

Upon review of the SAC it is evident that Plaintiff's allegations "lack an arguable basis either in law or fact." *Bilal*, 251 F.3d at 1349. Plaintiff's allegations are so fantastic or irrational to border on delusional. For example, Plaintiff requests the prosecution of Pam Bondi, the former Florida Attorney General, "for dangerous harassment along with The Church of Scientology that includes attempted murder." DE 11 at 1. He further requests the prosecution of "The State of Florida Officials [] working with a known terrorist organization Al Qaeda," and "President Donald J. Trump for sedition against the United States of America by possibly being involved with his friend Larry Silverstein in the destruction of the [World Trade Center] by Thermite on 9/11/2001." *Id.* at 2. Plaintiff complains that Microsoft "fail[ed] to provide adequate antivirus protection on brand new Windows 10 HP computer" and "participat[ed] and profiteer[ed] from the illegal war in Iraq under President Bush" entitling Plaintiff to $5 billion in damages. *Id.* at 11. All of Plaintiff's claims are similarly fantastic such that this complaint is patently frivolous. *cf. Roopes*

*v. Obama*, No. 1:19-CV-186-AW-GRJ, 2019 WL 6534448, at *1 (N.D. Fla. Oct. 3, 2019) (recommending a complaint be dismissed as frivolous under 28 U.S.C. § 1915(e) that named former President Barak Obama and Adolf Hitler, among others, in conspiracy to deprive the plaintiff of gold); *Moore v. Michael*, No. 3:18-CV-1608-LAC-EMT, 2018 WL 4495029, at *2 (N.D. Fla. Aug. 21, 2018) (same where the plaintiff sued forty-two defendants for claims of mental manipulations and being physically controlled by unseen forces that were "completely implausible and beyond rational thought").

The undersigned acknowledges that Plaintiff's allegations allude to and directly mention great personal trauma, including an attempt by Plaintiff to take his own life. In no way are this Court's conclusions meant to minimize Plaintiff's experiences. The undersigned also acknowledges that Plaintiff believes he has been aggrieved by a number of people or entities. These beliefs, however, do not constitute a legal basis for relief and this Court cannot sustain complaints with no conceivable basis in law or fact. Because Plaintiff does not have a right to amend his complaint under Federal Rule of Civil Procedure 15(a) and his SAC is patently frivolous, the undersigned recommends this case be dismissed with prejudice *See Tazoe*, 631 F.3d at 1336 ("There is an exception to our general rule against dismissal without notice if the complaint is patently frivolous[.]"); *Davis v. Kvalheim*, 261 F. App'x 231 (11th Cir. 2008) (affirming the district court's *sua sponte* dismissal with prejudice of *pro se* complaint pursuant to its inherent powers where the 140-page complaint was "clearly baseless and without arguable merit in fact, and [the plaintiff] was simply employing legal system as tool to intimidate and heckle those he imagined had done him wrong."); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[W]e hold that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"). *Cf. Nezbeda v. Liberty Mut. Ins. Corp.*,

789 F. App'x 180, 183 (11th Cir. 2019) (noting a district court may dismiss a plaintiff's claims *sua sponte* without requiring or permitting the plaintiff to amend if it concludes that the claims are frivolous under 28 U.S.C. § 1915).

## CONCLUSION

Accordingly, the undersigned respectfully **RECOMMENDS** that this case be **DISMISSED with prejudice**. In light of this Recommendation, is it further

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Appointment of Process Server (DE 12) is **DENIED as moot**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Aileen M. Cannon, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 19th day of April, 2021.

                                                   _____
                                                   SHANIEK M. MAYNARD
                                                   UNITED STATES MAGISTRATE JUDGE

cc:    Jacek Kazmierczak
        9680 East Maiden Ct.
        Vero Beach, FL 32963